239 N.W.2d 815 (1976)
STATE of North Dakota, Plaintiff-Appellee,
v.
Edward KOLB, Defendant-Appellant.
Crim. No. 541.
Supreme Court of North Dakota.
March 12, 1976.
*816 L. J. Schirado, Mandan, for defendant and appellant.
Richard L. Schnell, State's Atty., Mandan, for plaintiff and appellee.
PAULSON, Judge.
This is an appeal by the defendant, Edward Kolb [hereinafter Kolb], from a judgment of conviction of the Morton County Court of Increased Jurisdiction, after trial to the court, finding Kolb guilty of the offense of driving a motor vehicle while under the influence of intoxicating liquor (§ 39-08-01, N.D.C.C.).
A pickup truck being driven east on Morton County Highway No. 139 (old U.S. Highway No. 10) by Kolb was stopped at about 1:12 a. m., MDT, on the morning of October 11, 1975, by Officer Ronald A. Ruther of the North Dakota Highway Patrol, after Ruther had observed such pickup being driven in an erratic manner. After further investigation, including the administration of the "Alert" test to Kolb, Ruther placed Kolb under arrest for driving while under the influence of intoxicating liquor and transported him to the Mandan Police Station, where Kolb submitted to a Breathalyzer test.
Subsequent thereto, Kolb pleaded not guilty to the charge, and through his attorney filed a motion to suppress all evidence obtained by Ruther after Kolb's pickup was stopped by Ruther on October 11, 1975; and also to dismiss the charge. On October 28, 1975, the trial court held a hearing on such motion. At the suppression hearing, the only witness testifying in support of Kolb's motion was the accused himself. The State, in opposing Kolb's motion, called as witnesses Officer Ruther and Morton County Deputy Sheriff Charles E. Brockman, Sr., who had accompanied Ruther on patrol, and who was present with Ruther when Kolb was stopped.
The trial court, on November 3, 1975, denied Kolb's motion to suppress evidence and to dismiss the charge. The parties thereafter stipulated that the evidence adduced at the suppression hearing, along with the results of the Breathalyzer test, would constitute the record for trial by the court. Based thereon, the trial court found Kolb guilty of driving a motor vehicle while under the influence of intoxicating liquor, and entered judgment and sentence accordingly. From such judgment of conviction, Kolb appeals.
In this appeal, the only issue presented for our consideration is whether or not the trial court erred in denying Kolb's motion to suppress evidence and dismiss the charge *817 by concluding that the officer had reasonable cause to stop the Kolb vehicle.
It is Kolb's contention that Ruther, when he stopped the pickup being driven by Kolb on the morning of October 11, 1975, did not have reasonable cause to stop such vehicle, as required by § 29-06-15(6), N.D.C.C., and that, therefore, any evidence obtained as a result of such illegal detention was inadmissible, being the result of an unlawful search and seizure contrary to the Fourth Amendment to the United States Constitution.
Section 29-06-15(6), N.D.C.C., provides:

"Arrest without warrant.A peace officer, without a warrant, may arrest a person:
. . . . .
"6. On a charge, made upon reasonable cause, of driving or being in actual physical control of a vehicle while under the influence of alcoholic beverages."
In State v. Salhus, 220 N.W.2d 852 (N.D.1974), this Court, in paragraph 1 of the syllabus, held:
"1. Term `reasonable cause' used in N.D.C.C. 29-06-15, subd. 6, which provides for warrantless arrest on a charge of driving while under the influence of alcoholic beverages, is synonymous with the term `probable cause'."
We held in Witte v. Hjelle, 234 N.W.2d 16 (N.D.1975), in paragraphs 3 and 4 of the syllabus:
"3. Probable cause exists when the facts and circumstances within a police officer's knowledge and of which he has reasonably trustworthy information are sufficient to warrant a man of reasonable caution in believing that an offense has been or is being committed.
"4. Probable cause is a determination dependent on the particular facts and circumstances of each case."
Accord, Brinegar v. United States, 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879, 1890 (1949); State v. Chaussee, 138 N.W.2d 788, 792 (N.D.1965).
In the instant case, unlike the probable cause issue raised in Witte and Salhus, supra, Kolb contends that Officer Ruther did not have probable cause to initially stop his vehicle. In this appeal, Kolb does not contend that Officer Ruther, after stopping the Kolb vehicle and conducting a further investigation, did not have probable cause to arrest Kolb for driving while under the influence of intoxicating liquor. Kolb's sole basis of support for his motion to suppress the evidence is his claim that the initial stop was effected without probable cause.
In Borman v. Tschida, 171 N.W.2d 757 (N.D.1969), this Court was presented with an identical issue, and held, in paragraph 2 of the syllabus, that:
"2. A peace officer may stop a motorist under circumstances short of probable cause for arrest."
In Borman, this Court distinguished between reasonable cause sufficient to justify an officer's stopping of a motorist for investigation, and reasonable grounds for the arrest of such person on a charge of driving while under the influence of intoxicating liquor.[1] The Court, in Borman, concluded that an officer had sufficient cause to stop a driver for the purpose of investigation where the officer had observed the car in question veer sharply to the left, heard the squealing of tires, and, while following the vehicle, observed that the vehicle swayed back and forth on the road in such driver's own lane of traffic, and thereupon the officer decided to stop the vehicle.
We conclude that this Court's holding in Borman controls our decision in the instant case, and, consequently, determine that if Officer Ruther had probable cause to stop *818 Kolb's vehicle for the purpose of investigation, then the evidence obtained as a result of such stop was not obtained in violation of Kolb's Fourth Amendment protection against unreasonable searches and seizures.
In determining whether or not probable cause existed for the stop, we must examine the particular facts and circumstances of this case. Witte v. Hjelle, supra. A review of the pertinent evidence admitted at the suppression hearing is summarized as follows:
Officer Ruther testified that: he was patrolling one-eighth of a mile east of New Salem on County Highway No. 139 (old U.S. Highway No. 10) during the early morning of October 11, 1975; he was eastbound on such highway and came over a hill and observed a pickup truck (later established as being driven by Kolb) approximately 500 feet in front of him, in the same lane of traffic, traveling at about 35 miles per hour; he observed that the pickup was weaving "a little bit" within its own lane of traffic; the Kolb pickup then increased its speed to about 50 miles per hour; an oncoming vehicle approached, at which time the Kolb pickup slowed down to about 30 miles per hour and veered off the traveled mat of the highway onto the righthand shoulder (with both the front and rear right wheels); after the oncoming vehicle passed, the Kolb pickup returned to the traveled mat of the highway, and then crossed about six inches over the centerline of the roadway; and Officer Ruther thereupon decided to stop the Kolb vehicle for investigation.
Deputy Sheriff Brockman, a passenger in the Ruther patrol car, testified that: the patrol car, while heading east just outside New Salem, came upon a pickup truck being driven at a slow rate of speed; he observed the pickup swerve; when meeting an oncoming car, the Kolb vehicle slowed down, then speeded up again; the front and rear right wheels of the Kolb vehicle went off the pavement onto the shoulder; the Kolb vehicle thereafter crossed over the centerline about six inches; and Ruther thereupon communicated his decision to Brockman that the Kolb vehicle would be stopped for further investigation.
Kolb's testimony, however, was much different than that of the two officers. Kolb testified that: he was traveling east on County Highway No. 139 (old U.S. Highway No. 10); there was no other traffic on the highway; he observed a car parked on an approach on the south side of the highway; he slowed up to see what, if anything was going on near such parked vehicle; he then increased his speed after passing the approach where the parked vehicle was located; he saw lights coming out of the approach onto the highway; and he thereafter saw the flashing red light behind him and, consequently, reduced his speed.
Two written reports prepared by Ruther after his arrest of Kolb were also introduced into evidence by Kolb at the suppression hearing. The first report, an "Alcoholic Influence Report Form", was prepared by Ruther shortly after the arrest, and before the Breathalyzer test was administered to Kolb at the Mandan Police Station. Such report mentioned only that the pickup truck had been observed "slowing & speeding up" when first observed. It did not contain any references to swerving, weaving, crossing the centerline, or other erratic behavior testified to by Ruther at the suppression hearing. The second written report, also admitted into evidence at the suppression hearing, entitled "Case SummaryTraffic", was prepared by Ruther about eighteen hours after Kolb was arrested. In the description of events listed on such second form, Ruther described the variations in speed which he observed, but again there was no mention of the other factors to which he had testified at the suppression hearing.
It is Kolb's contention that, in ruling upon the motion to suppress, the Court is bound to accept only the evidence contained in the two written reports which were admitted into evidence, and to disregard the oral testimony of Ruther. As authority for this proposition, Kolb refers to our recent *819 decision in Beck v. Lind, 235 N.W.2d 239 (N.D.1975).
In Beck v. Lind, supra, we concluded that the trial court erred in refusing to permit the use of a pre-trial deposition to impeach oral testimony of the opposing party. In such deposition the party had directly stated a position contrary to the position which he was asserting from the witness stand. In Beck, supra, 235 N.W.2d at 248, we quoted with approval from State v. Igoe, N.D., 206 N.W.2d 291, 297, wherein this Court stated:
"`. . . we hold that a prior statement of declarant which is inconsistent with testimony of the declarant at the trial, the declarant being subject to cross-examination concerning the statement, is admissible as substantive evidence of the truth of the matter asserted in the statement.'"
The situation presented in the instant case, however, is completely different from the question presented for our decision in Beck v. Lind, supra. In the instant case, the trial court admitted into evidence the two written reports which were introduced by Kolb. Furthermore, there are no statements contained in the two written reports which are inconsistent with the oral testimony of Officer Ruther. The only difference between Ruther's oral testimony and his written reports is that his oral testimony presented a more detailed account of his observations made immediately before he decided to stop the Kolb vehicle.
Contrary to the assertions of Kolb, we believe that the trial court was not bound to accept only the contents of Ruther's written reports as the sole evidence upon which the court's decision on the motion to suppress the evidence and dismiss the charge could be based. Rather, evidence for the proper determination of such motion consists, in the instant case, of both Ruther's oral testimony as well as his two written reports, together with the testimony of Brockman. Based thereon, the trial court found that:
"With regard to the first question, the probable cause for stopping, the facts indicate: One, that the defendant's vehicle was driven at a slow rate of speed, approximately thirty miles an hour. Two, that the manner of drivinghe did accelerate his vehicle to a speed of fifty. And three, that the facts indicate that the defendant drove his vehicle onto the right shoulder. And four, that the defendant's vehicle appeared to be slightly swerving on the road. And five, that the defendant's vehicle did cross the centerline by six inches."
Such findings by the trial court are clearly supported by the evidence hereinbefore summarized.
We conclude, based upon the record, that Officer Ruther had sufficient cause to stop the Kolb pickup truck for investigation. Consequently, we find no error in the trial court's denial of Kolb's motion to suppress the evidence and dismiss the charge.
The judgment of the county court of increased jurisdiction is therefore affirmed.
ERICKSTAD, C. J., and PEDERSON, VOGEL and SAND, JJ., concur.
NOTES
[1] See also State v. Carpenter, 181 Neb. 639, 150 N.W.2d 129, 133 (1967), cert. den. 392 U.S. 944, 88 S.Ct. 2288, 20 L.Ed.2d 1406 (1968) (cited with approval in Borman v. Tschida, supra).