STATE of North Dakota, Plaintiff and Appellee,

v.

David Daniel HENSEL, Defendant and Appellant.

Cr. No. 870187.

Supreme Court of North Dakota.

Jan. 12, 1988.

Chapman and Chapman, Bismarck, for defendant and appellant; argued by Michael J. Geiermann.

James O. Johnson, Asst. States Atty., Stanton, for plaintiff and appellee.

ERICKSTAD, Chief Justice.

Defendant David Daniel Hensel appeals from a judgment of conviction of possession of a controlled substance (psilocybin) in violation of Section 19–03.1–23, N.D.C.C., possession of less than one-half ounce of marijuana in violation of Section 19–03.1–23, N.D.C.C., and possession of drug paraphernalia in violation of Section 12.1–31.1–03, N.D.C.C.[1] Hensel entered a conditional plea of guilty pursuant to Rule 11(a)(2), N.D.R.Crim.P., which allows a defendant to withdraw a plea of guilty if the defendant prevails on appeal to this Court.

After Hensel was arrested for actual physical control of a vehicle while under

---

1. The judgment of conviction contains an erroneous reference to Section 12.1–31–01, N.D.C.C., relating to disorderly conduct. The plea agreement dated June 29, 1987, contains the correct reference. When the mandate is issued in this case, the judgment of conviction should be corrected accordingly.

The pertinent part of the judgment reads:
"I
"Defendant is guilty of possessing psilocybin in violation of 19–03.1–23 N.D.C.C.; such offense being classified as a class 'B' felony.
"II
"Defendant is guilty of possessing less than ½ ounce of marijuana in violation of 19–03.1–23 N.D.C.C.; such offense being classified as a class 'B' misdemeanor.
"III
"Defendant is guilty of possessing drug paraphernalia in violation of *12.1–31–01* N.D.C.C.; such offense being classified as a class 'A' misdemeanor.
"IV
"Sentencing for the class 'B' felony charge mentioned in paragraph one above is hereby deferred for a period of three years from June 22, 1987.
"V
"Sentencing for the two misdemeanor charges mentioned in paragraphs two and three above is hereby deferred for a period of one year from June 22, 1987.
"VI
"The periods of deferral mentioned in paragraphs four and five above shall run concurrently with each other." [Emphasis added.]

the influence of alcohol in violation of Section 39–08–01, N.D.C.C., and possession of an open container in violation of Section 39–08–18, N.D.C.C., Police Officer Mike Fondie searched the passenger compartment of Hensel's vehicle and discovered drugs and drug paraphernalia in a closed suitcase and jacket. Hensel contends the arrest was without probable cause and that the search of his jacket and suitcase violates the proscription against unreasonable searches and seizures of the Fourth Amendment of the United States Constitution and of Article I, Section 8 of the North Dakota Constitution. We disagree and therefore affirm Hensel's conviction.

At approximately 10:00 a.m., on the morning of December 31, 1986, Officer Mike Fondie of the Hazen, North Dakota, Police Department was approached by a Hazen resident who informed Fondie that someone was lying in a car that "HAD BEEN RUNNING SINCE THIS MORNING" across from the resident's house. Fondie investigated and discovered defendant Hensel lying in a car across from the Hazen resident's house. Fondie then "pounded" on the window and Hensel responded.

Hensel was "SLUMPED OVER," using the passenger seat in the front of his car as a head rest. Fondie noticed three unopened cans of beer on the floor in the front half of the car. Fondie testified that when he aroused Hensel, Hensel appeared confused. Fondie also noticed an open can of beer in the center console and detected the smell of alcohol. Fondie asked Hensel for some identification and later asked Hensel to step out of the car. When Hensel stepped out of the vehicle, Fondie determined that alcohol odors were emanating from Hensel's breath as well as from his vehicle. After securing Hensel's driver's license Fondie permitted Hensel to reenter Hensel's car.

Officer Fondie then returned to the patrol car to verify by radio the status of Hensel's Montana driver's license and the registration of the North Dakota vehicle.

As he made the radio check, Fondie noticed Hensel moving "ABOUT IN THE CAR AS IF PUTING [sic] SOMETHING UNDER THE SEAT.... [HENSEL] WAS REACHING BETWEEN THE SPLIT SEATS INTO THE REAR SEAT AREA." Officer Fondie called for reinforcements because he "DID NOT KNOW WHAT [HENSEL] HAD BEEN MOVING OR LOOKING FOR IN THE CAR." With the additional information that Hensel's Montana license was valid but that his North Dakota driver's license was suspended, and that the North Dakota registered vehicle was owned by two people with a South Dakota address, Fondie arrested, handcuffed and placed Hensel in the patrol car. Fondie and Mercer County Deputy Sheriff Kerry Kessler then searched Hensel's car. The officers looked under the front seat, in the pockets of Hensel's jacket, and in Hensel's suitcase, both of which were lying on the backseat. Officer Fondie discovered "GREEN LEAFY MATERIAL" in Hensel's jacket and "MUSHROOM LIKE MATERIAL" in Hensel's suitcase.

Fondie then decided to impound the car and make an inventory of its contents. At 11:25 a.m., he conducted an inventory of the jacket and suitcase and retained the contents of the jacket as evidence. At 2:00 p.m., Hensel gave his written consent to search the vehicle. The two officers then took the material (later determined to be drugs) found in the suitcase as evidence.

Hensel contends the police did not have probable cause to arrest him for actual physical control of a vehicle while under the influence of alcohol. Hensel further contends the warrantless search of the vehicle does not fit within any of the "few specifically established and well-delineated exceptions" *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), to the warrant requirement. We disagree with both contentions.

Hensel's first argument is that Officer Fondie did not have probable cause to arrest him for being in control of an automobile while under the influence of alcohol.

Section 29–06–15(1)(f), N.D.C.C., permits a peace officer to make an arrest if the officer has "reasonable cause" to believe that a person is in "actual physical control of a vehicle while under the influence of alcoholic beverages." "[R]easonable cause" under Section 29–06–15, N.D.C.C., is synonymous with the more widely used term "probable cause." *State v. Frye*, 245 N.W. 2d 878 (N.D.1976); *State v. Kolb*, 239 N.W. 2d 815 (N.D.1976); *State v. Salhus*, 220 N.W.2d 852 (N.D.1974).

■ To establish probable cause, it is not necessary that the officer possess knowledge of facts sufficient to establish guilt; all that is necessary is knowledge that would furnish a prudent person with reasonable grounds for believing a violation has occurred. *State v. Klevgaard*, 306 N.W.2d 185 (N.D.1981) *citing Brinegar v. United States*, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); *State v. Arntz*, 286 N.W.2d 478 (N.D.1979). We have also defined probable cause as "reasonably trustworthy information ... sufficient to warrant a man of reasonable caution in believing that an offense has been or is being committed." *State v. Kolb*, 239 N.W.2d 815, 816 (N.D.1976).

The facts of this case strongly support Officer Fondie's probable cause determination. Fondie was told in person by a resident of Hazen that a man was sleeping in a car across the street from the resident's house and that the engine was running. Officer Fondie walked up to a vehicle in the location where the resident said it was and confirmed that a man was sleeping in a car with the engine running. As Fondie attempted to awaken Hensel, Fondie noticed three cans of beer on the floor. When Hensel arose from his sleeping position, Officer Fondie noticed an open can of beer. When Hensel rolled down a window, Fondie detected the smell of alcohol. Fondie also noted that Hensel appeared "CONFUSED" and his eyes were "VERY BLOODSHOT AND HIS PUPILS WERE CONSTRICTED." When Fondie asked Hensel to step out of the car, he smelled alcohol on Hensel's breath. With these facts, Fondie could have reasonably concluded that Hensel was in actual physical control of a vehicle while under the influence of alcohol. Accordingly, Fondie properly made a decision to arrest Hensel.

■ Having made that determination, however, we still must decide whether or not Officer Fondie's search of the suitcase and jacket in the vehicle, after Hensel was arrested, handcuffed, and placed in the police car, violated the proscription against unreasonable searches and seizures of the Fourth Amendment of the United States Constitution and Article I, Section 8 of the North Dakota Constitution.

Inherent in our decision is the permissible scope of a policeman's warrantless search of an automobile pursuant to a custodial arrest. The United States Supreme Court issued a "bright-line" test for determining the scope of a search of an automobile pursuant to a lawful custodial arrest in *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). The Court held in *Belton* that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." [Footnote omitted.] *Id.* 101 S.Ct. at 2864. The Court explained that containers found within the passenger compartment may also be searched incident to the arrest. The Court defined "containers":

"[A]ny object capable of holding another object. It thus includes closed or open glove compartments, consoles, or other receptacles located anywhere within the passenger compartment, as well as *luggage*, boxes, bags, *clothing*, and the like. Our holding encompasses only the interior of the passenger compartment of an automobile and does not encompass the trunk." [Emphasis ours.] *Id.* 101 S.Ct. at 2864, n. 4.

Hensel contends the search went beyond the scope of a warrantless search incident

to an arrest because he was handcuffed and seated in the police car with little or no chance of destroying evidence or obtaining a weapon from his vehicle.[2] The United States Supreme Court expanded the *Chimel* search—"the area into which an arrestee might reach in order to grab a weapon or evidentiary ite[m]" in *Belton* to include, unconditionally, the passenger compartment of an automobile and any containers therein. *Belton*, 101 S.Ct. at 2864 *quoting, Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1965). The expansion of *Chimel* was prompted by the need to establish a "straightforward" and "workable rule" to the scope of a search of an automobile after a lawful custodial arrest of the occupant. *Belton, supra* at 2863–64.

The *Belton* court bolstered its expansion of *Chimel* to include closed containers by explaining that "the justification for the search is not that the arrestee has no privacy interest in the container, *but that the lawful custodial arrest justifies the infringement of any privacy interest the arrestee may have." Belton, supra* at 2864 [emphasis ours].[3]

It is undisputed that Hensel's suitcase and jacket were in the passenger compartment of the automobile. Accordingly, we hold that the search in this case did not violate the Fourth Amendment of the United States Constitution nor Article I, Section 8 of the North Dakota Constitution.[4]

We affirm the judgment of conviction.

**2.** Hensel also contends Officer Fondie's search violates Article I, Section 8 of the North Dakota Constitution. We decline to adopt such an expansive view of the North Dakota Constitution. *Cf. State v. Ringer*, 100 Wash.2d 686, 674 P.2d 1240 (1983), *overruled, State v. Stroud*, 720 P.2d 436, 106 Wash.2d 144 (1986); *People v. Belton*, 55 N.Y.2d 49, 447 N.Y.S.2d 873, 432 N.E.2d 745 (1982).

**3.** Even if we were not to permit the broad search authorized in *New York v. Belton, supra*, 101 S.Ct. 2860, under our State Constitution, Article I, Section 8, the furtive conduct of Hensel while Fondie was calling from his police car justified the additional in-depth search in this case. We have permitted an expansive search of an automobile under the "automobile" and

"plain view" exceptions to the warrant requirement. *See State v. Kottenbroch*, 319 N.W.2d 465 (N.D.1982). *State v. Klevgaard*, 306 N.W.2d 185 (N.D.1981), and *State v. Meadows*, 260 N.W.2d 328 (N.D.1977).

**4.** Our holding makes it unnecessary to decide whether or not Hensel's consent to search cured the alleged defective search. Furthermore, as we have sustained the search and seizure of material from the jacket and the suitcase, we have found it unnecessary to discuss the validity of the subsequent inventory search, and thus, the significance of *State v. Muralt*, 376 N.W.2d 25 (N.D.1985), and *Colorado v. Bertine*, — U.S. —, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987).

MESCHKE, VANDE WALLE and GIERKE, JJ., concur.

LEVINE, J., concurs in the result.