**STATE of North Dakota, Plaintiff and Appellant,**

v.

**Myron Lee SCHROEDER, Defendant and Appellee.**

**Cr. Nos. 890210, 890211.**

Supreme Court of North Dakota.

Jan. 18, 1990.

Peter Haroldson Furuseth, State's Atty., Williston, for plaintiff and appellant.

Richard B. Baer, P.C., Bismarck, for defendant and appellee.

GIERKE, Justice.

This is an appeal by the State of North Dakota from a district court order which suppressed evidence obtained during a search of Myron Lee Schroeder's person and of his pickup truck pursuant to an arrest warrant issued by the Williams County Court. We affirm.

On February 7, 1989, the county judge of Williams County issued an arrest warrant for Myron Schroeder (Schroeder). The sole basis for this warrant was the sworn testimony of Detective Bruce Kemmet at the probable cause hearing. The entire probable cause hearing proceeded as follows:

"THE COURT: Probable cause hearing in Chambers, Bruce Kemmet, complainant, December 19, 1988, Accomplice to Delivery of Controlled Substance—Marijuana, B Felony against Myron Schroeder. The complainant will be sworn. Do you swear to tell the truth, the whole truth, and nothing but the truth so help you God?

"BRUCE KEMMET: I do.

"THE COURT: Proceed.

"BRUCE KEMMET: On the 19th of December, 1988 a agent for the North Dakota Drug Enforcement Unit was introduced to a Todd Forsberg. Mr. Forsberg was paid $750.00, as he stated he could get 1/2 pound of marijuana from a subject here in town. Mr. Forsberg then met with a Mr. Myron Schroeder at—I believe it was Buster's Bar here in Williston. Mr. Schroeder and Mr. Forsberg then left in Mr. Schroeder's vehicle. They drove around town for approximately five to ten minutes, at which time Mr. Schroeder let Mr. Forsberg off at the corner of—I believe it was 2nd Avenue East and 1st Street. At that time Mr. Forsberg had in his possession a bag that he appeared to try and hide underneath his coat. He then met with the officer—or the North Dakota Drug Enforcement Officer, and he delivered to them 1/2 pound of marijuana.

"THE COURT: That will constitute probable cause. The complainant may sign the complaint and the Court will sign the warrant."

After obtaining an arrest warrant for Schroeder, Williston police located Schroeder entering a local convenience store. After arresting and handcuffing Schroeder, the police patted down Schroeder and found approximately one third of an ounce

of marijuana in his pocket together with a large wad of money which totalled $3788.25. Both Schroeder and his pickup were subsequently taken into custody. Pursuant to a customary inventory of Schroeder's pickup, police found approximately eight ounces of marijuana in a spare tire which was lying in the back of his pickup. Consequently, Schroeder was charged with being an accomplice to the delivery of a controlled substance and with the unlawful possession of a controlled substance with intent to deliver. Both of the charges were designated as Class B felonies.

Counsel for Schroeder filed motions to suppress the evidence arguing that there was no probable cause to support the issuance of the arrest warrant. Thus, he contended that the evidence seized from Schroeder was illegally obtained and therefore was inadmissible evidence. In a memorandum opinion, the district court held that the probable cause hearing did not contain any material facts or allegations of criminal activity on the part of Schroeder. Further, the district court found that there was no indication from the probable cause hearing that Schroeder had delivered marijuana to Forsberg. Finally, the district court judge, recognizing that he could only consider information brought to the issuing magistrate's attention, found that it was not apparent who Detective Kemmet or Todd Forsberg were from a review of the probable cause hearing transcript. Therefore, the district court granted Schroeder's motion to suppress the evidence. This appeal followed.

■ The sole issue before us is whether or not there was sufficient probable cause for the issuing magistrate to issue the Schroeder arrest warrant. We find that there was not due to the fact that Detective Kemmet failed to disclose his basis of knowledge for the information that he presented to the magistrate at the probable cause hearing. Accordingly, we affirm the district court's order.

The State contends that the county judge had sufficient probable cause to issue the arrest warrant based on a number of factors. Initially, the State argues that Schroeder was part of an ongoing drug investigation rather than a random drug transaction. Further, the State contends that Schroeder was the only person that police surveillance observed Forsberg with after Forsberg agreed to obtain marijuana for Special Agent Turner. Finally, the State argues that Detective Kemmet, who testified at the probable cause hearing, had personal knowledge of the events leading up to the drug purchase as a result of being part of the surveillance team which observed Forsberg and Schroeder. However, none of this information was brought to the issuing magistrate's attention at the probable cause hearing.

Schroeder responds that insufficient evidence was presented to the county judge to establish probable cause for the issuance of the arrest warrant. To establish probable cause, it is not necessary that the officer possess knowledge of facts sufficient to establish guilt; all that is necessary is knowledge that would furnish a prudent person with reasonable grounds for believing that a violation has occurred. *State v. Hensel*, 417 N.W.2d 849, 852 (N.D.1988). In *Hensel*, we recognized a common meaning of probable cause to be "reasonably trustworthy information … sufficient to warrant a man of reasonable caution in believing that an offense has been or is being committed." *Hensel*, *supra*, 417 N.W.2d at 852 [citing *State v. Kolb*, 239 N.W.2d 815, 816 (N.D.1976)].

In *State v. Ringquist*, 433 N.W.2d 207, 211 (N.D.1988), we adopted the totality of the circumstances test for reviewing probable cause under Art. I, § 8, of the North Dakota Constitution, thus following the same standard required under the Fourth Amendment of the United States Constitution and *Illinois v. Gates*, 462 U.S. 213, 238–239, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527, 548 (1983):

" 'The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying

hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for ... conclud[ing]" that probable cause existed.'"

■ Although the *Illinois v. Gates* language involved the determination of probable cause for the issuance of a search warrant, the same totality of the circumstances test applies as well in determining probable cause for the issuance of an arrest warrant. By adopting the *Illinois v. Gates* totality of the circumstances formula, this Court abandoned the former *Aguilar–Spinelli* two-prong test[1] for determining the existence of probable cause. Nevertheless, we recognize that an affiant's "basis of knowledge," one prong of the *Aguilar* test, is a highly relevant consideration under the *Illinois v. Gates* totality of the circumstances test. W. LaFave & J. Israel, Criminal Procedure § 3.3(d)(1984). Furthermore, in determining probable cause, this Court has previously cautioned that sufficient information, rather than "bare-bones" information, must be presented to the magistrate to allow the magistrate to determine probable cause. *State v. Handtmann*, 437 N.W.2d 830, 834 (N.D.1989) (citing *State v. Ringquist, supra*, 433 N.W.2d at 213).

At the probable cause hearing in this case, Detective Kemmet did not explain to the county judge where he obtained his information or how it was obtained. For all practical purposes, the information could have been obtained solely from an anonymous informant. Detective Kemmet did not explain to the county judge if he had firsthand knowledge of the events or if somebody had relayed the schedule of events to him for purposes of testifying at the hearing. The judge of the county court

determined probable cause existed for the arrest of Schroeder based solely on the testimony of Detective Kemmet at the probable cause hearing. Upon a review of the probable cause hearing, it seems quite clear that the testimony of Kemmet did not indicate his "basis of knowledge" and, accordingly, did not contain sufficient underlying facts and circumstances to establish probable cause for the issuance of the Schroeder arrest warrant. We find that the county judge did not have a "substantial basis" for concluding that probable cause existed.

Thus, we hold that the February 7, 1989, arrest of Schroeder violated the Fourth Amendment of the United States Constitution and Art. I, § 8, of the North Dakota Constitution because the testimony of Detective Kemmet at the probable cause hearing failed to establish probable cause for the issuance of the arrest warrant. Pursuant to the exclusionary rule, all evidence seized from Schroeder as a result of the illegal arrest shall be suppressed as being evidence obtained in a search that violates the Fourth Amendment. *State v. Handtmann, supra*, 437 N.W.2d at 836.

For the foregoing reasons, we conclude that the district court did not err in suppressing the evidence obtained during the search of Schroeder's person and of Schroeder's pickup truck and, accordingly, we affirm the district court's order.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ.

1. *Aguilar v. State of Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). The two-prong test required the magistrate to be informed of enough underlying circumstances to determine that the informant's or affiant's observations regarding the commission of the crime were accurate (basis of knowledge prong) and that the informant or affiant was credible or his or her information was reliable (veracity prong). *State v. Ringquist, supra*, 433 N.W.2d at 213 (citing *Aguilar v. State of Texas, supra* ).