Filed 7/7/98 by Clerk of Court of Appeals

COURT OF APPEALS

STATE OF NORTH DAKOTA

1998 ND APP 1

City of Bismarck,                          Plaintiff and Appellee

       v.                                                        

Brian Anthony Glass,                      Defendant and Appellant

Criminal No. 980031CA 

Appeal from the District Court for Burleigh County, South Central Judicial District, the Honorable Dennis A. Schneider, Judge.

REVERSED AND REMANDED.

Per Curiam.

Paul H. Fraase (argued), Assistant City Attorney, P.O. Box 5503, Bismarck, ND 58506-5503, for plaintiff and appellee.

Benjamin C. Pulkrabek (argued), 402 1st Street NW, Mandan, ND 58554, for defendant and appellant.

City of Bismarck v. Glass

Criminal No. 980031CA

Per Curiam.

[¶1] Brian Anthony Glass appealed from a conviction entered upon a conditional plea of guilty under N.D.R.Crim.P. 11 for driving while under the influence.  We reverse the trial court’s denial of Glass’s motion to suppress and remand with instructions to allow him to withdraw his conditional guilty plea.

[¶2] At 7:30 p.m. on June 20, 1997, Bismarck police officer Craig Calkins observed a driver, later identified as Glass, who “appeared to be slumped forward against the steering wheel as he was operating” a westbound vehicle on Denver Avenue.  Based on Calkins’s training and experience with impaired drivers, he thought Glass might be intoxicated.  Calkins followed the vehicle and observed it weave twice within its own lane of traffic.  While following the vehicle, Calkins also noticed the vehicle’s license tabs had expired.

[¶3] The vehicle turned right off Denver Avenue onto Bozeman Drive and pulled into a driveway.  Calkins parked his patrol car on Bozeman Drive in front of the driveway, activated his amber flashing lights, exited his vehicle, and approached on foot as Glass exited his vehicle.  Calkins yelled “sir” to Glass, and Glass stopped momentarily and looked at Calkins before “quickly” walking into the house through a side door.  Calkins ran to the door, and without knocking or otherwise announcing himself, turned the knob, pushed open the door, entered the house, and came upon Glass in the kitchen.  Glass subsequently failed to adequately perform field sobriety tests, and Calkins thereafter arrested him for driving while under the influence. 

[¶4] Glass moved to suppress evidence obtained as a result of the warrantless entry into the house and his subsequent arrest.  The trial court denied Glass’s motion, concluding the expired license tabs gave Calkins reasonable suspicion to stop Glass, and based upon Calkins’s observations before entering the house, the court concluded Calkins had probable cause to arrest Glass.  The court also concluded the warrantless entry into the house and arrest was justified because Calkins was in pursuit of Glass under 
State v. Paul
, 548 N.W.2d 260 (Minn. 1996) and 
United States v. Santana
, 427 U.S. 38 (1976).  Glass entered a conditional plea of guilty under N.D.R.Crim.P. 11 and appealed from the trial court’s denial of his motion to suppress.

[¶5] Glass argues the trial court erred in denying his motion to suppress the evidence obtained as a result of the warrantless entry into the house and his subsequent arrest.  Glass argues neither suspicion of driving under the influence, nor expired license tabs allows a police officer to make an unannounced warrantless entry into a house to effectuate an arrest.  

[¶6] The Fourth Amendment to the United States Constitution and Art. I, § 8 of the North Dakota Constitution protect individuals from unreasonable searches and seizures in their homes.  
State v. Kitchen
, 1997 ND 241, 572 N.W.2d 106; 
State v. Herrick
, 1997 ND 155, 567 N.W.2d 336; 
State v. Winkler
, 552 N.W.2d 347 (N.D. 1996).  Subject to a few well-delineated exceptions, searches and seizures without a warrant are unreasonable under the Fourth Amendment.  
Kitchen
.

[¶7] In 
Payton v. New York
, 445 U.S. 573 (1980), the United States Supreme Court recognized that a physical entry into a home is the chief evil against which the Fourth Amendment is directed and held that the Fourth Amendment prohibits police from making a nonconsensual entry into a suspect’s home to make a warrantless felony arrest.  Under 
Payton
, it is well established that nonconsensual, warrantless searches and seizures in a home are presumptively unreasonable absent a government showing of probable cause and exigent circumstances.  
See
 
Minnesota v. Olson
, 495 U.S. 91 (1990); 
New York v. Harris
, 495 U.S. 14 (1990); 
Welsh v. Wisconsin
, 466 U.S. 740 (1984); 
Steagald v. United States
, 451 U.S. 204 (1981); 
Kitchen
. 

[¶8] In 
State v. Nagel
, 308 N.W.2d 539 (N.D. 1981), the North Dakota Supreme Court said 
Payton
 rendered N.D.C.C. § 29-06-14 unconstitutional to the extent it permitted a nonconsensual, warrantless entry into a dwelling for a felony arrest, absent probable cause and exigent circumstances. Section 29-06-14, N.D.C.C., recognizes a knock-and-announce principle authorizing law enforcement officers to break a door or window of a dwelling to execute an arrest warrant, or to make a warrantless arrest for a felony, if the officer is refused admittance after giving notice of his authority and purpose.  
See
 
also
 
State v. Sakellson
, 379 N.W.2d 779 (N.D. 1985) (unannounced entry through open door constituted “breaking” under N.D.C.C. § 28-29-08, which authorizes officer executing search warrant to break open door of house if refused admittance after notice of authority and purpose).  
Payton
, however, did not invalidate the knock-and-announce requirements of N.D.C.C. § 29-06-14, which emanate from the Fourth Amendment.

[¶9] In 
Wilson v. Arkansas
, 514 U.S. 927 (1995), the United States Supreme Court held the common law knock-and-announce principle was an element of the reasonableness inquiry for a search and seizure under the Fourth Amendment.  
See
 
Herrick
; 
State v. LaFromboise
, 542 N.W.2d 110 (N.D. 1996).  In 
Wilson
, the Court explained that the knock-and-announce requirement could yield to countervailing law enforcement interests, including threats of physical violence to police, an officer pursuing a recently escaped arrestee, and the existence of reason to believe that evidence would be destroyed if advance notice were given.  

[¶10] In 
Richards v. Wisconsin
, 520 U.S. 385 (1997), the United States Supreme Court held that the Fourth Amendment does not permit a blanket exception to the knock-and-announce requirement for search warrants issued for felony drug investigations.  The Court held a no-knock entry to effectuate a search warrant was justified if police have a reasonable suspicion knocking and announcing their presence would be dangerous or futile, or knocking and announcing would inhibit the effective investigation of the crime by allowing the destruction of evidence.

[¶11] Under 
Wilson
 and 
Payton
, police officers may not enter a home without consent for a warrantless felony arrest absent probable cause and exigent circumstances, and they must knock and announce before entering unless a knock and announce would be dangerous or futile, or would inhibit the effective investigation of a crime by allowing the destruction of evidence.

[¶12] In applying those principles to this case, we begin with Calkins’s observations of Glass driving the vehicle.  There is a difference between the requisite cause necessary for stopping a vehicle for investigatory purposes and for arresting a person for driving while under the influence.  
State v. Dorendorf
, 359 N.W.2d 115 (N.D. 1984).  An officer must have a reasonable and articulable suspicion a motorist is violating the law to make an investigatory stop.  
E.g.
, 
State v. Woytassek
, 491 N.W.2d 709 (N.D. 1992).  Traffic violations, even if common or minor, constitute prohibited conduct which provide officers with the requisite reasonable and articulable suspicion for making an investigatory stop.  
Zimmerman v. North Dakota Dep’t of Transp.
, 543 N.W.2d 479 (N.D. 1996).

[¶13] Here, Glass’s expired license tabs, “slumped forward” driving posture, and weaving twice within his lane provided Calkins with a reasonable and articulable suspicion for an investigatory stop.  
See
 
Zimmerman
; 
Woytassek
; 
Dorendorf
.  However, in order to make a warrantless entry into the house to arrest Glass, Calkins’s reasonable and articulable suspicion must have ripened into probable cause and exigent circumstances must have existed.  To establish probable cause, it is not necessary that a police officer possess knowledge of facts sufficient to establish guilt; rather, probable cause means reasonable trustworthy information sufficient to warrant a person of reasonable caution to believe an offense has been or is being committed.  
State v. Hensel
, 417 N.W.2d 849 (N.D. 1988).  A trial court’s conclusion that the facts of a case meet the legal standard of probable cause is a question of law which is fully reviewable.  
Kitchen
.

[¶14] During oral argument to this court, the City conceded Calkins did not have probable cause to arrest Glass when Calkins entered the house, and argued Calkins’s “pursuit” of Glass justified the warrantless entry into Glass’s house.  However, this is not a case where an arrest based upon probable cause was set in motion in a public place and the suspect retreated to a private home.  
Compare
 
Santana
; 
Paul
.  Calkins did not direct Glass to stop before Glass entered the house, and it is undisputed that Calkins entered the house without knocking or otherwise announcing himself.  Nothing in this record even remotely suggests that knocking and announcing would have endangered Calkins, or that it would have inhibited the effective investigation of a crime by allowing the destruction of evidence.  
Compare
 
Richards
 (no-knock entry reasonable to prevent destruction of drugs); 
LaFromboise
 (same); 
Herrick
 (mere allegations that drugs were present in house was insufficient to justify no-knock search warrant).  The City has presented no countervailing law enforcement interests that justify an unannounced entry into Glass’s house.  We conclude that Calkins’s failure to knock and announce before making a warrantless entry into Glass’s house violated the knock-and-announce requirements of N.D.C.C. § 29-06-14, and was unreasonable under the Fourth Amendment, and Art. I, § 8 of the North Dakota Constitution.

[¶15] We reverse the trial court’s denial of Glass’s motion to suppress, and we remand with instructions to allow Glass to withdraw his conditional guilty plea.

[¶16] James H. O’Keefe, C.J.

Bruce E. Bohlman, D.J.

Ronald L. Holden, D.J.