STATE of North Dakota, Plaintiff
and Appellee,

v.

Barbara PLACEK, Defendant
and Appellant.

Cr. No. 1140.

Supreme Court of North Dakota.

April 23, 1986.

Charles Whitman, Asst. State's Atty., Bismarck, for defendant and appellant.

Rosenberg & Baird, Bismarck, for defendant and appellant; argued by La Roy Baird.

LEVINE, Justice.

Barbara Placek appeals from a judgment of conviction of driving while under suspension (DUS) in violation of North Dakota Century Code § 39–06–42. We affirm.

Placek stopped her vehicle at an intersection in Bismarck, intending to make a right turn. Using the appropriate hand signal, Placek began to turn right but, instead, proceeded straight through the intersection and, after again using a hand signal, turned into a parking lot.

A North Dakota Highway Patrol officer, who had been stopped immediately behind Placek at the intersection, followed her into the parking lot. Upon inquiry, the officer was informed that Placek's turn signals did not operate. He issued Placek a ticket instructing her to have the lights on her vehicle repaired. The officer also checked Placek's driver's license, discovered it had been suspended, and charged Placek with DUS in violation of NDCC § 39–06–42.

Placek filed a motion to suppress the evidence that she was driving under suspension. The motion was denied. Placek was convicted of DUS and appealed.

Placek asserts that the denial of her suppression motion should be reversed because the trial court erred in holding that the

officer's stop of her vehicle was legal. Placek claims that the officer did not have a reasonable suspicion that she was engaged in illegal conduct and, consequently, the stop of her vehicle and the subsequent search were unlawful.

A trial court's denial of a suppression motion will be reversed if, after resolving conflicts in the testimony in favor of affirmance, there is insufficient competent evidence fairly capable of supporting the trial court's determination. *State v. Ronngren,* 361 N.W.2d 224 (N.D.1985). On appeal, we recognize the significance of the trial court's opportunity to assess the credibility of witnesses, by according great deference to its decision in suppression matters. *Id.*

The law governing investigative stops of automobiles is clear: an officer must have an articulable and reasonable suspicion that a motorist is violating the law in order to legally stop a vehicle. *State v. Indvik,* 382 N.W.2d 623 (N.D. 1986); *State v. Dorendorf,* 359 N.W.2d 115 (N.D.1984).

Placek argues that the reason the officer stopped her was because she used a hand signal to indicate a turn. Placek asserts that because hand signals are lawful, NDCC § 39–10–39, the officer did not have an articulable and reasonable suspicion that she was violating the law.

However, the officer testified that he observed that none of the rear lights on Placek's vehicle were operating. Because it is unlawful to drive a vehicle without functioning brake lights, NDCC §§ 39–21–06(1), 39–21–46(1), the officer had an articulable and reasonable suspicion that Placek was violating the law. Although Placek interprets the officer's testimony differently, any conflicts in his testimony will be resolved in favor of affirming the trial court.

We believe there was sufficient competent evidence fairly capable of supporting the trial court's determination that the officer had an articulable and reasonable suspicion to stop Placek. Therefore, we affirm both the order denying Placek's suppression motion and the judgment of conviction.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.