The CITY OF LANGDON, Plaintiff and Appellee,

v.

Jon David DELVO, Defendant and Appellant.

Crim. No. 1151.

Supreme Court of North Dakota.

July 16, 1986.

Cameron D. Sillers, State's Atty., Langdon, for plaintiff and appellee.

Fleming & DuBois, Cavalier, for defendant and appellant; argued by Neil W. Fleming.

LEVINE, Justice.

In this appeal from a jury verdict finding Jon David Delvo guilty of driving while under the influence (DUI), we conclude that the trial court did not err in admitting into evidence intoxilyzer test results, or in refusing to submit to the jury the question of probable cause.

At 6:45 a.m., while returning from a graduation party, Delvo fell asleep at the wheel and collided with the rear end of another vehicle. Delvo transported the other driver to the hospital and returned to the accident scene where Langdon police officer Platz was investigating the accident. After Delvo explained how the collision occurred, Platz administered several field sobriety tests and then arrested Delvo for DUI. A subsequent intoxilyzer test indicated Delvo's blood alcohol concentration at 0.16 per cent.

Following his conviction for DUI in municipal court, Delvo appealed to county court and moved to suppress the results of the intoxilyzer test. The suppression motion was denied and Delvo was convicted by a jury of DUI.

We first address Delvo's contention that the county court erred in failing to suppress the results of the intoxilyzer test. Delvo argues that officer Platz did not have probable cause to arrest him for DUI and thus the test results were inadmissible as the product of an illegal search and seizure.

■ Probable cause exists when the facts and circumstances within a police officer's knowledge and of which he had reasonably trustworthy information are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed. *Moser v. North Dakota State Highway Com'r*, 369 N.W.2d 650 (N.D.1985).

■ Officer Platz testified that as he spoke with Delvo he detected an odor of alcohol and observed that his eyes were bloodshot. Platz admitted that at that point he did not have probable cause to believe Delvo was under the influence, but that Delvo's condition, and the circumstances surrounding the accident, were sufficiently suspicious to warrant administering field sobriety tests. Based upon Delvo's performance of the tests, as well as his physical manifestations, Platz concluded there was probable cause that Delvo was under the influence and made the arrest.

During cross-examination Platz testified that in his investigation report he indicated Delvo had performed "well" on the field sobriety tests. Seizing upon this affirmative adverb, Delvo argues that, if, prior to the field sobriety tests, Platz did not have probable cause to believe Delvo was under the influence, and, if Delvo performed the field sobriety tests "well," it follows that Delvo's execution of the field sobriety tests could not elevate Platz's pre-test mere suspicion of DUI to the probable cause needed to arrest, and to justify the subsequent intoxilyzer test.

Delvo places too much faith on Platz's use of the word "well." Platz acknowledged his "poor choice" of language but explained that what he meant to convey was that Delvo was able to physically perform the tests; not that he performed them well enough to erase the suspicion he was under the influence. Platz specifically testified that Delvo failed the field sobriety tests, and that that failure, in conjunction with his other observations indicating DUI, gave him probable cause to arrest.

In reviewing the county court's denial of Delvo's suppression motion, we acknowledge the significance of the county court's opportunity to assess witness credibility by

reversing only if, after resolving testimonial conflicts in favor of affirmance, there is insufficient competent evidence fairly capable of supporting the county court's determination. *State v. Placek,* 386 N.W.2d 36 (N.D.1986).

Here, we construe the conflicting interpretations of Platz's testimony concerning Delvo's performance of the field sobriety tests in favor of affirmance, i.e., that Delvo failed the tests. Given this failure, and Platz's observations indicating Delvo's ingestion of alcohol, there is sufficient competent evidence to support the county court's conclusion that Platz had probable cause to arrest Delvo for DUI.

Delvo also asserts that the county court erred in refusing to submit to the jury the issue of officer Platz's probable cause to arrest for DUI.

■ Delvo cites no cases supporting this proposition and we find only decisions to the contrary. The question of probable cause is one of law to be determined by the court for the purpose of admitting or suppressing evidence. *United States v. Rogers,* 504 F.2d 1079 (5th Cir.1974); *State v. Miller,* 112 Ariz. 95, 537 P.2d 965 (1975); *Sims v. State,* 165 Ga.App. 881, 303 S.E.2d 60 (1983); *State v. Garcia,* 83 N.M. 490, 493 P.2d 975 (Ct.App.1971); *see* N.D.R.Ev. 104(a); N.D.C.C. § 29–21–03; *cf. State v. English,* 85 N.W.2d 427 (N.D.1957).

■ We believe it is also a matter of sound judicial policy that the trial court, not the jury, is to decide whether evidence should be admitted or suppressed as the product of an illegal search. The fact that in a nonjury case the trial court determines both admissibility and weight of the evidence is recognition of its capability to exclude improper evidence from its consideration. *See State v. Forsland,* 326 N.W.2d 688 (N.D.1982). It is for this reason that introduction of inadmissible evidence in a nonjury trial is rarely reversible error. *Fuhrman v. Fuhrman,* 254 N.W.2d 97 (N.D.1977). We do not, however, believe that a jury is similarly capable of disregarding such improper evidence from its deliberations. Consequently, the issue of probable cause to determine whether evidence should be suppressed is best left to the trial court, and not the jury.

We conclude that the county court did not err in denying Delvo's suppression motion nor in refusing Delvo's proposed jury instruction. Accordingly, the verdict of guilty is affirmed.

ERICKSTAD, C.J., and MESCHKE, GIERKE and VANDE WALLE, JJ., concur.