Fred A. BUCK, Petitioner and Appellee,

v.

NORTH DAKOTA STATE HIGHWAY COMMISSIONER, Respondent and Appellant.

Civ. No. 870338.

Supreme Court of North Dakota.

June 28, 1988.

Gilje, Greenwood & Dalsted, Jamestown, for petitioner and appellee; argued by John E. Greenwood.

Steven Francis Lamb (argued), Asst. Atty. Gen., State Highway Dept., Bismarck, for respondent and appellant.

GIERKE, Justice.

The North Dakota State Highway Commissioner appeals from a district court judgment reversing the revocation of Fred A. Buck's driving privileges. We reverse and remand.

Following his July 17, 1987, arrest for being in actual physical control of a motor vehicle while under the influence of intoxicating liquor in violation of § 39–08–01, N.D.C.C., Buck requested and received an administrative hearing under § 39–20–05(3), N.D.C.C. The issues at the hearing were: (1) whether the law enforcement officer had reasonable grounds to believe Buck was in actual physical control of a vehicle in violation of § 39–08–01, N.D.C.C., or equivalent ordinance; (2) whether Buck was arrested; and (3) whether Buck refused to submit to a test to determine the alcohol content of his blood.

James Scherbenske, a Jamestown police officer, testified that at 1:40 a.m.:

"While on routine patrol checking buildings, I observed a vehicle that was parked in the Hillcrest Golf Course north parking lot. The defendant, Fred Buck was sitting behind the driver's wheel, the keys were in the ignition but the engine wasn't running. I observed a can of beer ... Schmidt beer that was ... the contents of which were partially gone was sitting on the dashboard.[1] The defendant was not conscious and it took him several ... took me several attempts to wake him up. When I asked for identification he made several attempts looking for his wallet, which he finally found under the front seat. There was a strong odor of alcohol coming from inside the vehicle. I then had the defendant exit the vehicle, which he did, and I could smell a strong odor of alcohol on the defendant's breath. His eyes were bloodshot and his pupils were dilated."

He also testified that he administered field sobriety tests and arrested Buck, who refused to submit to a Breathalzyer test.

Buck testified that he played golf, ate, and played cards until "about 10:30, 11:00," when "everybody was going to go home" and:

"So I got in my car and I didn't feel very good. I felt intoxicated and I didn't feel that I could drive. I live four miles south of town. I didn't feel that I could make that drive. So I felt that I'd sleep it off and, you know, wake up and possibly be sobered up."

He also testified that he had parked the car about 4:30 in the afternoon and had not driven it between then and the time of his arrest and had not attempted to drive it.

The Commissioner's hearing officer made the following findings of fact:

"Findings of fact: that during a routine patrol, Officer Scherbenske observed a vehicle on a public parking area with a person behind the steering wheel. He also noted the keys in the ignition. After arousing the person, the officer detected a strong odor of alcoholic beverage. He noted bloodshot eyes and dilated pupils. The person was given several field sobriety tests, which he performed poorly. The person was placed under arrest for actual physical control and

---

1. Section 39–08–18, N.D.C.C., provides in part: "... It is unlawful for the owner of any private motor vehicle or the driver, if the owner be not then present in or on the motor vehicle, to keep or allow to be kept in a motor vehicle when such vehicle is upon the public highway or in an area used principally for public parking any bottle or receptacle containing such alcoholic beverages which has been opened, or the seal broken, or the contents of which have been partially removed...."

transported to the law enforcement center in Jamestown where he was offered a chemical test of his breath and he refused that test."

The hearing officer concluded that Officer Scherbenske had reasonable grounds to believe that Buck was in actual physical control of a vehicle in violation of § 39–08–01, N.D.C.C., that Buck was arrested, and that he refused a chemical test of his breath. He revoked Buck's driving privileges for a period of two years. On appeal, the district court ordered that the hearing officer's decision be reversed. A judgment was entered that reversed the administrative decision and reinstated Buck's driving privileges.

The issue on appeal is whether or not the Commissioner's hearing officer properly found that Officer Scherbenske had reasonable grounds to believe that Buck was in actual physical control of a motor vehicle in violation of § 39–08–01, N.D.C.C.

Section 39–08–01, N.D.C.C., makes it unlawful to be in actual physical control of a vehicle while under the influence of intoxicating liquor. Buck contends, however, that he was not in actual physical control because he was "sleeping it off", did not drive while intoxicated, and did not intend to drive while intoxicated.

■ Section 28–32–19, N.D.C.C.,[2] governs the scope of judicial review of administrative agency decisions and requires affirmance of an administrative agency decision unless one of the six items listed in § 28–32–19, N.D.C.C., is present. *Matter of Prettyman,* 410 N.W.2d 533, 535 (N.D. 1987). "In reviewing the factual basis of administrative orders, there are three critical questions: (1) are the findings of fact supported by a preponderance of the evidence; (2) are the conclusions of law sustained by the findings of fact; and (3) is the agency decision supported by the conclusions of law?" *Id.,* at 536.

■ From our review of the record, we conclude that the evidence supports the hearing officer's findings of fact, conclusions of law, and decision. Officer Scherbenske's observations provided him with "an articulable and reasonable suspicion that a law has been or is being violated." *Wibben v. North Dakota State Highway Comm'r,* 413 N.W.2d 329, 331 (N.D.1987). From his observations and Buck's poor performance of field sobriety tests, Officer Scherbenske "could have reasonably concluded that [Buck] was in actual physical control of a vehicle while under the influence of alcohol." *State v. Hensel,* 417 N.W.2d 849, 852 (N.D.1988).

"The purpose of the 'actual physical control' offense is a preventive measure." *State v. Schuler,* 243 N.W.2d 367, 370 (N.D.1976). "[A]n intoxicated person seated behind the steering wheel of a motor vehicle is a threat to the safety and welfare of the public." *Id.,* 243 N.W.2d at 370, quoting *Hughes v. State,* 535 P.2d 1023, 1024 (Okl.Crim.App.1975). An intoxicated

---

**2.** Section 28–32–19, N.D.C.C., provides:

"*28–32–19. Scope of and procedure on appeal from determination of administrative agency.* The court shall try and hear an appeal from the determination of an administrative agency without a jury and the evidence considered by the court shall be confined to the record filed with the court. If additional testimony is taken by the administrative agency or if additional findings of fact, conclusions of law, or a new decision shall be filed pursuant to section 28–32–18, such evidence, findings, conclusions, and decision shall constitute a part of the record filed with the court. After such hearing, the court shall affirm the decision of the agency unless it shall find that any of the following are present:
"1. The decision or determination is not in accordance with the law.

"2. The decision is in violation of the constitutional rights of the appellant.
"3. Provisions of this chapter have not been complied with in the proceedings before the agency.
"4. The rules or procedure of the agency have not afforded the appellant a fair hearing.
"5. The findings of fact made by the agency are not supported by a preponderance of the evidence.
"6. The conclusions and decision of the agency are not supported by its findings of fact.
"If the decision of the agency is not affirmed by the court, it shall be modified or reversed, and the case shall be remanded to the agency for disposition in accordance with the decision of the court."

person in a motor vehicle poses a threat to public safety because he "might set out on an inebriated journey at any moment." *Martin v. Commissioner of Public Safety*, 358 N.W.2d 734, 737 (Minn.App.1984).

That Buck may neither have driven his vehicle while intoxicated, nor have intended to drive while still intoxicated, does not vitiate Officer Scherbenske's reasonable grounds to believe that Buck was in actual physical control of a vehicle in violation of § 39-08-01, N.D.C.C. "[T]he real purpose of the statute is to deter individuals who have been drinking intoxicating liquor from getting into their vehicles, except as passengers." *State v. Ghylin*, 250 N.W.2d 252, 255 (N.D.1977). An intoxicated individual who gets into his vehicle to sleep poses a threat of immediate operation of the vehicle at any time while still intoxicated.

We conclude that Officer Scherbenske had reasonable grounds to believe that Buck was in actual physical control of a motor vehicle while under the influence of intoxicating liquor. The district court, therefore, erred in reversing the administrative hearing officer's decision and in ordering the reinstatement of Buck's driving privileges.

The district court judgment is reversed and the matter is remanded with directions to enter a judgment affirming the administrative decision.

ERICKSTAD, C.J., and MESCHKE, LEVINE and VANDE WALLE, JJ., concur.