**STATE of North Dakota, Plaintiff and Appellee,**

v.

**David W. GOEMAN, Defendant and Appellant.**

**Cr. No. 880087.**

Supreme Court of North Dakota.

Nov. 8, 1988.

James Twomey, Asst. State's Atty., Fargo, for plaintiff and appellee.

William Kirschner of William Kirschner & Associates, Fargo, for defendant and appellant.

VANDE WALLE, Justice.

David Goeman appealed from his judgment of conviction for driving under the influence of alcohol in violation of Section 39–08–01, N.D.C.C. Finding no error in the record before us, we affirm.

In the early morning hours of September 19, 1987, Highway Patrolman Albert Salvatore was sitting in his vehicle when he heard a noise which sounded like tires skidding on a road surface. He turned and saw a vehicle come to an abrupt stop at a stoplight and the driver lurch forward, almost striking the steering wheel. Salvatore noticed that although the vehicle stopped at the stoplight, the light appeared to be green. Salvatore followed the vehicle for a short distance and observed the vehicle weave within its own lane. At one point, Salvatore testified, the vehicle almost struck another car in an adjacent

lane. Relying upon these observations, Salvatore stopped the vehicle.

Salvatore asked the driver of the vehicle, David Goeman, for his driver's license. Goeman staggered as he stepped out of his vehicle and, while leaning against the car, removed his license from his billfold. Salvatore also noticed the odor of alcohol on Goeman and that Goeman's speech was somewhat slurred. In light of the observations he made, Salvatore requested that Goeman perform several field-sobriety tests. Goeman first performed the finger-to-nose test. Salvatore testified that "when he [Goeman] got to touching the nose he didn't touch the nose right away; he nearly missed the nose but then seemed to correct and touch his nose as opposed to completely missing his nose."

Goeman next was asked to recite the alphabet. He recited a portion of the alphabet, but then lost his train of thought and could not continue. When asked if he would like to try again, Goeman made a second attempt. Salvatore testified that although Goeman successfully recited the alphabet on the second try, he had difficulty doing so.

Goeman was charged with driving under the influence in violation of Section 39–08–01, N.D.C.C. He moved to suppress admission of all the evidence against him on the grounds that Salvatore lacked a reasonable and articulable suspicion that a crime was being committed and that no probable cause existed to arrest. After the trial court denied Goeman's motion to suppress, he entered a conditional guilty plea pursuant to Rule 11(a)(2), N.D.R.Crim.P., and this appeal followed.

On appeal, Goeman raises four issues. First, he argues, the trial court erred in denying the motion to suppress all evidence obtained as a result of the stop because Salvatore did not have a reasonable and articulable suspicion that a crime was being committed at the time of the stop. Second, Goeman asserts that there was no probable cause to arrest him. Third, he claims that since the trial court wrongly relied upon a prior DUI conviction to enhance his penalty, he ought to be sentenced as a first offender. Finally, he argues that administration of the Alcohol Level Evaluation Roadside Tester (A.L.E.R.T.) test requires probable cause and, there being none, the results of that test should have been suppressed.[1]

■ The standard to be used in analyzing whether a stop was permissible is whether the officer had an articulable and reasonable suspicion that the law was being violated. *State v. Placek*, 386 N.W.2d 36 (N.D.1986). We have previously concluded that a vehicle weaving within its own lane may be enough to justify the stop of that vehicle. *State v. Dorendorf*, 359 N.W.2d 115 (N.D.1984). In the present case, Salvatore heard Goeman's tires skidding at a time when the light was green and he appeared to have the right of way,

---

1. In addition to the tests discussed earlier, Goeman was also requested to perform a Horizontal Gaze Nystagmus (H.G.N.) test and an A.L.E.R.T. test. Neither of these tests is relevant on appeal because the prosecution did not rely on the H.G.N. test in attempting to show probable cause and the trial court did not rely on the A.L.E.R.T. test in concluding that the officer had probable cause to arrest.

When requested to make a ruling on the admissibility of the A.L.E.R.T. test, the trial court stated any ruling on the test would be advisory because it found probable cause to arrest prior to administration of the test. And although the trial court did state during the hearing on the motion to suppress all evidence that it would issue a written ruling on whether the A.L.E.R.T. test would be admitted, no such written ruling is in the record before this court. Therefore, on the record before us, the trial court found prob-

able cause to arrest existed before the A.L.E.R.T. test was given and thus the results of the A.L.E.R.T. test were not considered.

Even if the trial court had issued a written ruling on the admissibility of the A.L.E.R.T. test, the ruling would have been merely advisory, as the trial court recognized, because it determined probable cause to arrest already existed at the time the A.L.E.R.T. test was administered. If the trial court's ruling was advisory, our review of that issue would also be advisory. This court will not address a question which is moot or which requires an advisory opinion. See *St. Onge v. Elkin*, 376 N.W.2d 41 (N.D.1985); *Peoples State Bank of Velva v. State Bank of Towner*, 258 N.W.2d 144 (N.D.1977). We will not, therefore, consider the issue raised by the defendant that probable cause to arrest must exist before an officer can administer an A.L.E.R.T. test.

observed his vehicle weave within its own lane, and saw it nearly strike another vehicle. In light of this evidence, and in light of *Dorendorf*, there is sufficient evidence to support the trial court's determination that the stop was justified.

Goeman next argues that, once he was stopped, there was no probable cause to arrest him. In determining whether probable cause to arrest exists, it is not necessary that an officer possess knowledge of facts sufficient to establish guilt; rather, all that is required is "knowledge that would furnish a prudent person with reasonable grounds for believing a violation has occurred." *State v. Hensel*, 417 N.W.2d 849, 852 (N.D.1988) [citing *State v. Klevgaard*, 306 N.W.2d 185 (N.D.1981)]. See also *Brinegar v. United States*, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949). In the present case, the officer observed Goeman's vehicle weaving within its lane, at one point almost striking another vehicle. When stopped, Goeman had difficulty getting out of his vehicle, smelled of alcohol, leaned against his vehicle while producing his license, was hesitant in performing the finger-to-nose test, and his speech was slurred. This evidence was sufficient to establish probable cause that Goeman was driving under the influence of alcohol.

Goeman argues that he should have been sentenced as a first offender because there was no evidence that his prior conviction was obtained in compliance with his Federal and State constitutional and statutory rights.[2] More specifically, he asserts, the court which convicted him did not comply with Article I, Sections 12 and 13, of the North Dakota Constitution nor did it comply with Rule 11 of the North Dakota Rules of Criminal Procedure.

Goeman was convicted in Fargo municipal court in 1985 for driving under the influence of alcohol. In pleading guilty to that charge, Goeman signed a Notification of Rights and Acknowledgment form. The form signed by Goeman is identical to the form which was at issue in *City of Fargo v. Christiansen*, 430 N.W.2d 327 (N.D.1988), and that case is controlling. In *Christiansen*, we held that once the State introduces a form signed by the defendant which indicates that the court "acted in accordance with the defendant's constitutional rights and privileges, and substantially complied with the procedures adopted to protect those rights and privileges, the record should be deemed adequate and the process chosen by the court should be given considerable weight." 430 N.W.2d at 330. Because Goeman did not introduce evidence indicating that the Waiver of Rights and Acknowledgment form does not correctly reflect what transpired at the hearing in 1985, evidence of that conviction was admissible to enhance the sentence of the present conviction.

The judgment is affirmed.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.

---

2. Although the record does not specifically indicate that Goeman's sentence was based upon the prior conviction, there is sufficient evidence in the record to conclude that the trial court sentenced Goeman as a second offender. See *State v. Orr*, 375 N.W.2d 171 (N.D.1985).