**STATE of North Dakota, Plaintiff and Appellant,**

v.

**Keith W. BAUDER, Defendant and Appellee.**

**Cr. No. 880131CA.**

Court of Appeals of North Dakota.

Dec. 12, 1988.

Tom M. Henning (argued), Asst. State's Atty., Dickinson, for plaintiff and appellant.

William G. Goetz and Jeff Rotering (argued), Hettinger, for defendant and appellee. Appearance by William G. Goetz.

PER CURIAM.

The State has appealed from a county court order dismissing, for lack of probable cause, a charge against Keith W. Bauder of driving a motor vehicle while under the influence of alcohol in violation of § 39–08–01, N.D.C.C. We reverse.

At approximately 9:25 p.m. on October 28, 1987, Bauder's pickup struck the left rear wheels of a tractor-trailer. When Sgt. Donald Glarum of the North Dakota Highway Patrol arrived to investigate the accident, an ambulance was transporting Bauder from the scene. The driver of the tractor-trailer reported that the pickup was on the wrong side of the road, that the pickup driver made no attempt to brake or get out of the way, and that he pulled his tractor to the right but could not get the trailer out of the way. The collision occurred approximately 12 feet from the center line of the highway, "just about on the shoulder."

Glarum found no skidmarks or evidence of hard braking prior to the collision. Glarum found an unopened beer can in Bauder's pickup, which, Glarum said, "tended to ... make me believe that there was something more here. Possibly alcohol." Glarum caused another highway patrol officer, John Grassel, to go to the hospital to direct a blood test of Bauder. Grassel arrested Bauder, who appeared to be unconscious,[1] and directed that a blood test sample be drawn.

Contending that there was no probable cause for directing a blood test, Bauder moved to suppress any evidence relating to the blood test. The county court determined that the officers did not have probable cause to arrest Bauder and dismissed the complaint. The State contends on appeal that there was probable cause.

The question of probable cause is one of law. *City of Langdon v. Delvo*, 390 N.W.2d 51 (N.D.1986). "Probable cause exists when the facts and circumstances within a police officer's knowledge and of which he has reasonably trustworthy information are sufficient to warrant a man of reasonable caution in believing that an offense has been or is being committed." Syllabus ¶ 3, *Witte v. Hjelle*, 234 N.W.2d 16 (N.D.1975).

Sgt. Glarum's investigation at the scene of the accident revealed that Bauder's pickup was traveling on the wrong side of the road; that Bauder made no attempt to get out of the way of the tractor-trailer he was approaching; that Bauder's pickup struck the tractor-trailer about 12 feet from the center line, "just about on the shoulder" of the wrong side of the road; and that Bauder had an unopened can of beer in his pickup. "This evidence, coupled with the lack of any suggestion of another cause of the accident, is 'sufficient to warrant a man of reasonable caution in believing' that the offense of driving in violation of NDCC § 39–08–01 had been committed." *Moser v. North Dakota State Highway Commissioner*, 369 N.W.2d 650, 653 (N.D.1985) (quoting *Witte, supra*). Thus, we conclude that Sgt. Glarum had probable cause to direct that Bauder be arrested and tested to determine the alcohol content of his blood.

Reversed and remanded for further proceedings according to law.

HEEN, C.J., and KIRK SMITH and BENNY A. GRAFF, District Judges.

---

1. Under § 39–20–01, N.D.C.C., a person operating a motor vehicle on a highway is deemed to have consented to a chemical test, after arrest, to determine the alcoholic content of the blood.

Under § 39–20–03, N.D.C.C., an unconscious person "must be deemed not to have withdrawn the consent provided by section 39–20–01 and the test or tests may be given."