STATE of North Dakota, Plaintiff
and Appellee,

v.

Terri W. PRIGGE, Defendant
and Appellant.

Cr. No. 880188.

Supreme Court of North Dakota.

March 21, 1989.

Gerald S. Paulson, Asst. State's Atty. (argued), Jamestown, for plaintiff and appellee.

Weiss, Wright & Paulson, Jamestown, for defendant and appellant; argued by Robert W. Martin.

LEVINE, Justice.

Terri Prigge appeals from an order denying her motion to suppress evidence. Prigge entered a conditional plea of guilty to the charge of driving while under the influence of alcohol (DUI), reserving the right to bring this appeal from the trial court's denial of her suppression motion. We affirm.

On July 25, 1987 Officer Edmund Gruchalla of the North Dakota Highway Patrol stopped a vehicle driven by Prigge on a highway north of Jamestown because the vehicle had studded snow tires. The validity of the initial stop is not contested by Prigge.

Prigge and Gruchalla got out of their vehicles and Gruchalla noted that Prigge's breath had a strong odor of alcohol, that her eyes were bloodshot and glassy and that her speech was slurred. After examining Prigge's driver's license, the officer asked Prigge to get into his patrol car. As

she did, the officer observed that "she was wobbly, kind of unsteady on her feet."

Inside the patrol car, Gruchalla began writing a citation for the studded snow tire violation. Gruchalla then gave Prigge a Horizontal Gaze Nystagmus test. Prigge failed that test. After administering that test, Gruchalla asked Prigge to step out of the vehicle to perform a series of field sobriety tests. Prigge responded that because she worked at a nearby restaurant and there were quite a few people around, she would appreciate the officer driving her to another area for the sobriety tests.

While securing Prigge's vehicle before leaving the area, Gruchalla found a cup of brown liquid on the floor and also observed that the driver's seat was wet. When Gruchalla returned to the patrol car, Prigge explained that she had just left a party, that the brown liquid was rum and coke, and that the driver's seat was wet because she had "wet her pants." Gruchalla, complying with Prigge's request to take her from the area, drove a short distance from the restaurant and then had Prigge perform a series of sobriety tests which she failed. Gruchalla then arrested Prigge for DUI.

On appeal Prigge asserts that she was in Gruchalla's custody when, seated in the patrol car, she was asked to perform the field sobriety tests. Prigge argues that at that time, Gruchalla should have given her *Miranda* warnings but did not and, therefore, any statements made by Prigge after that time and the results of the field sobriety tests should be suppressed.

Prigge presented no *Miranda* argument to the trial court. In her written motion to suppress and at the proceedings on the motion, Prigge's sole ground for urging suppression of the evidence was that Gruchalla did not have probable cause to make an arrest.

■ Generally, issues not raised before the trial court, even constitutional issues, will not be addressed on appeal. *State v. Miller*, 388 N.W.2d 522 (N.D.1986). When, as in this case, an issue has not been properly preserved for review on appeal, our inquiry is limited to determining wheth-er the alleged error constitutes an obvious error which affects substantial rights of the defendant. *State v. Johnson*, 379 N.W.2d 291 (N.D.1986), *cert. denied*, 475 U.S. 1141, 106 S.Ct. 1792, 90 L.Ed.2d 337 (1986). The power to notice obvious error is one that we exercise cautiously and only in exceptional circumstances. *Johnson, supra*. The power to notice obvious error should be exercised only when a serious injustice has been done to a defendant. *State v. Brickzin*, 319 N.W.2d 150 (N.D. 1982).

■ While it might be a close question whether or not Prigge was in custody and thus entitled to *Miranda* warnings when she was asked, while sitting in the patrol car, to perform field sobriety tests, we do not believe that this issue rises to the level of obvious error. *See United States v. Udey*, 748 F.2d 1231, 1240 (8th Cir.1984), *cert. denied*, 472 U.S. 1017, 105 S.Ct. 3477, 87 L.Ed.2d 613 (1985) (failure to give *Miranda* rights to defendants prior to their initial responses to questions of law enforcement officers was not plain error). Consequently, we will not address this issue.

Prigge also asserts on appeal that the trial court should have granted her suppression motion because Gruchalla did not have probable cause to arrest her for DUI. More specifically, Prigge asserts that she was in custody when she was sitting in the patrol car and Gruchalla requested her to perform field sobriety tests. She argues that she was then, in effect, under arrest for DUI but that Gruchalla did not have probable cause at that time to make the arrest.

■ In determining whether there is probable cause to make an arrest, it is not necessary that an officer possess knowledge of facts sufficient to establish guilt. *State v. Goeman*, 431 N.W.2d 290 (N.D. 1988). Rather, probable cause exists when the facts and circumstances within a police officer's knowledge and of which he had reasonably trustworthy information are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed. *City of Lang-*

*don v. Delvo,* 390 N.W.2d 51 (N.D.1986). The question of probable cause is one of law to be determined by the trial court for the purpose of admitting or suppressing evidence. *Delvo, supra.*

■ For purposes of resolving this issue, we assume, without deciding, that Prigge is correct that she was in Gruchalla's custody while sitting in the patrol car prior to performing the field sobriety tests. By that time, Gruchalla had observed that Prigge's eyes were bloodshot, her breath smelled of alcohol, her speech was slurred, and her walk was unsteady. In addition, Prigge had failed the Horizontal Gaze Nystagmus test administered by Gruchalla. We conclude that, under those circumstances, Gruchalla had probable cause to make the DUI arrest. Therefore, we further conclude that the trial court did not err in denying Prigge's motion to suppress evidence.

Affirmed.

ERICKSTAD, C.J., and VANDE WALLE, GIERKE and MESCHKE, JJ., concur.