Robert V. WOLF, Petitioner and Appellant,

v.

ND HIGHWAY COMMISSIONER, Respondent and Appellee.

Civ. No. 890400.

Supreme Court of North Dakota.

July 3, 1990.

Lundberg, Nodland, Schulz, Lervick, Tharaldson & Dickson, Bismarck, for petitioner and appellant; Thomas A. Dickson on briefs; argued by Irvin B. Nodland.

Robert E. Lane, Asst. Atty. Gen. (argued), Dept. of Transp., Bismarck, for respondent and appellee.

LEVINE, Justice.

Robert Wolf appeals from a district court judgment affirming an administrative suspension of Wolf's driver's license. We affirm.

In their briefs before this Court, the parties have referred to the appellee in this case as the Highway Commissioner. However, the Legislature has, effective January 1, 1990, transferred the functions, powers and duties of the highway department and its commissioner to a new executive department known as the Department of Transportation. NDCC § 24-02-01.1. The Legislature has directed that whenever the terms "highway department" and "highway commissioner" appear in the Century Code, the terms "department of transportation" and "director of the department of transportation" shall be substituted therefor. NDCC § 24-02-01.2. The captioning of this case notwithstanding, we follow the legislative edict and throughout our opinion apply the new designations.

In the early morning, a Bismarck City police officer who was ticketing illegally parked vehicles, ticketed a truck parked in a night-restricted zone. Upon closer inspection, the officer discovered the truck was occupied by a sleeping Robert Wolf. The engine of the truck was not running and the vehicle did not have its lights on. There was a key in the pickup's ignition. When the officer roused Wolf, he detected the odor of alcohol on Wolf's breath and noted Wolf's bloodshot, watery eyes and incoherent conversation. The officer requested Wolf to get out of the truck and to perform field sobriety tests. Wolf performed poorly on these tests and the officer arrested him for being in actual physical control of a motor vehicle while under the influence of intoxicating liquor.

The Director of the Department of Transportation notified Wolf of his intention to suspend Wolf's driving privileges. Following an administrative hearing, the Director's hearing officer determined that:

1. The arresting officer had reasonable grounds to believe Wolf was in actual physical control of a vehicle while under the influence of intoxicating liquor;

2. Wolf was placed under arrest;

3. Wolf was fairly tested; and

4. The results of the test showed that Wolf had a blood alcohol concentration of at least 0.10%.

The Director suspended Wolf's license and Wolf appealed to the district court, which affirmed. This appeal followed.

Wolf contends that the Director's decision is not in accordance with the law. NDCC § 28-32-19(1). Wolf argues that the test results showing a blood alcohol concentration of at least 0.10% should not have been relied on in the administrative proceedings because the test was not performed within two hours of driving, as is required under NDCC § 39-08-01. In relevant part, that section provides:

"1. A person may not drive or be in actual physical control of any vehicle ... if any of the following apply:

a. That person has a blood alcohol concentration of at least ten one-hundredths of one percent by weight *at the time of the performance of a chemical test within two hours after the driving.* (Emphasis added.)

b. That person is under the influence of intoxicating liquor."

Wolf argues that because there is no evidence he had been driving within two hours of the administration of the breath test, the Director should not have suspended his license. Although ingenious, his argument is flawed.

Section 39-08-01 describes the elements of the criminal offense of actual physical control. It requires a chemical test to be given within two hours of driving if the test is to be used to establish the "per se" offense of driving or being in actual physical control of a vehicle with a blood alcohol concentration of 0.10% or more. *See State v. Kimball,* 361 N.W.2d 601 (N.D.1985). However, NDCC ch. 39-20, and not § 39-08-01, governs the civil proceedings for suspending drivers' licenses. Those

proceedings are separate and distinct from the criminal proceedings. *Williams v. North Dakota State Highway Comm'r*, 417 N.W.2d 359 (N.D.1987); *State v. Abrahamson*, 328 N.W.2d 213 (N.D.1982).

Section 39–20–04.1, NDCC, authorizes the Director to suspend a person's driver's license if the hearing officer confirms "that the law enforcement officer had reasonable grounds to arrest the person and test results show that the arrested person was driving or in physical control of a vehicle while having a blood alcohol concentration of at least ten one-hundredths of one percent by weight at the time of the performance of a test within two hours after driving *or being in physical control of a motor vehicle.*" (Emphasis added.)

■ This section authorizes reliance on test results if the test was performed within two hours of EITHER driving or being in physical control. Thus, under the section which specifically authorizes the sanction which Wolf challenges, the testing may be conducted within two hours after driving or after being in physical control. Wolf argues that § 39–20–05(2)[1] supports his position that testing must be done within two hours of driving. He points out that § 39–20–05(2) refers only to "operating" a motor vehicle with a 0.10% blood alcohol before a license can be suspended and does not refer to actual physical control. Wolf mistakenly equates "operating" with "driving." Section 39–01–01 defines "operator" as one who drives or is in actual physical control of a motor vehicle. Therefore, the statutory language in § 39–20–05(2), "operating a motor vehicle," clearly encompasses actual physical control as well as driving. Accordingly, we conclude the Director acted in accordance with the law in suspending Wolf's license.

■ Wolf next argues that the Director's decision to suspend his license was not in accordance with the law because the officer did not have reasonable grounds to believe that Wolf was in actual physical control of a vehicle in violation of § 39–08–01. "Reasonable grounds" to believe an offense has been committed is synonymous with "probable cause." *Moser v. North Dakota State Highway Comm'r*, 369 N.W.2d 650 (N.D.1985). Probable cause exists when the facts and circumstances within a police officer's knowledge and of which the officer has reasonably trustworthy information are sufficient to warrant a person of reasonable caution in believing that an offense has been or is being committed. *Id.* at 652–53. *See also City of Langdon v. Delvo*, 390 N.W.2d 51 (N.D.1986). The question of probable cause is one of law. *See id.* at 53. Wolf contends that the presence of the key in the ignition and his sleeping in the vehicle, are insufficient to give the officer reasonable grounds to believe Wolf was in actual physical control of the truck. We disagree.

In *State v. Schwalk*, 430 N.W.2d 317 (N.D.1988), we recognized that a person may be in actual physical control of a vehicle even though he or she is asleep or

1. Section 39–20–05(2) governs the scope of a hearing concerning license suspension for operating a vehicle with a 0.10% blood alcohol. The statute sets out the issues to be determined by the hearing officer, and provides:
"If the issue to be determined by the hearing concerns license suspension for operating a motor vehicle while having a blood alcohol concentration of at least ten one-hundredths of one percent by weight, the hearing must be before a hearing officer assigned by the [director] and at a time and place designated by the [director]. The hearing must be recorded and its scope may cover only the issues of whether the arresting officer had reasonable grounds to believe the person had been driving or was in actual physical control of a vehicle in violation of section 39–08–01 or equivalent ordinance; whether the person was placed under arrest; whether the person was tested in accordance with section 39–20–01 or 39–20–03 and, if applicable, section 39–20–02; and whether the test results show the person had a blood alcohol concentration of at least ten one-hundredths of one percent by weight. For purposes of this section, a copy of a certified copy of an analytical report of a blood, urine, or saliva sample from the office of the state toxicologist, or a certified copy of the checklist and test records from a certified breath test operator establish prima facie the blood alcohol concentration shown therein. Whether the person was informed that the privilege to drive might be suspended based on the results of the test is not an issue."

unconscious when found by the arresting officer. In *Buck v. North Dakota State Highway Comm'r,* 425 N.W.2d 370 (N.D. 1988), we held that the arresting officer had reasonable grounds to believe the defendant was in actual physical control even though, as here, the vehicle was parked, the engine and lights were off, but the key was in the ignition.

The observations of a police officer which establish reasonable grounds need not be sufficient to convict for the offense of being in actual physical control while under the influence. *See State v. Goeman,* 431 N.W.2d 290 (N.D.1988). All that is required is that the facts and circumstances within a police officer's knowledge "would furnish a prudent person with reasonable grounds for believing a violation has occurred." *Id.* at 292. *See also Delvo, supra,* 390 N.W.2d at 52.

The officer observed a man sleeping in an illegally parked vehicle on a city street in the early morning hours; a key in the ignition; the well-known signs and scents of intoxication, and poor performance of field sobriety tests designed to gauge the influence of intoxicating liquor on a person. Under these circumstances, we cannot say that the hearing officer erred as a matter of law in determining that the arresting officer had reasonable grounds to believe that Wolf was in actual physical control while under the influence in violation of NDCC § 39–08–01.

Accordingly, Wolf's license suspension is affirmed.

ERICKSTAD, C.J., and GIERKE, VANDE WALLE and MESCHKE, JJ., concur.