STATE of North Dakota, Plaintiff
and Appellee,

v.

Patrick Kelly WOYTASSEK, Defendant
and Appellant.

Cr. No. 920073.

Supreme Court of North Dakota.

Nov. 5, 1992.

Duis & Duis Law Office, Fargo, for defendant and appellant; argued by George E. Duis.

David D. Hagler (argued), Asst. State's Atty., Fargo, for plaintiff and appellee.

JOHNSON, Justice.

Patrick Woytassek appeals from a judgment of the County Court of Cass County dated March 6, 1992, which convicted him of operating a motor vehicle while under the influence of alcohol or with a blood-alcohol content of at least .10%. We affirm.

On November 24, 1991, Cass County Deputy DuWayne Nitschke observed Woytassek driving near the intersection of 13th Avenue South and 45th Street in Fargo at approximately 1:10 a.m. Deputy Nitschke testified he stopped Woytassek after he observed Woytassek's vehicle swerve within its own lane, cross the center line, overcorrect and nearly strike a curb. After pulling Woytassek over, Deputy Nitschke asked him if he had been drinking. Woytassek replied that he had consumed two or three beers during the evening. When Woytassek entered Deputy Nitschke's squad car, Nitschke noticed the odor of alcohol and that Woytassek had red glassy eyes. Deputy Nitschke then requested Woytassek to count backwards and recite the alphabet. After Woytassek struggled with these tasks, Deputy Nitschke administered an Alco–Sensor screening test. Woytassek failed the test and was placed under arrest for DUI. Woytassek was transported to the Cass County jail where several field sobriety tests were administered. After Woytassek performed poorly on those tests, he consented to an intoxilyzer breath test which revealed his blood-alcohol content exceeded .10%.

Woytassek was tried before Cass County Judge Frank L. Racek on March 6, 1992. Prior to trial, Woytassek moved the court to suppress the results of the Alco–Sensor test and to dismiss the DUI charge for lack of probable cause. The Court denied the motions and Woytassek was convicted of driving under the influence or with a blood-alcohol content in excess of .10%.

Woytassek appeals arguing the trial court erred by denying the motion to dismiss for lack of probable cause and the motion to suppress the Alco–Sensor breath test because: (1) the officer did not have any grounds upon which to stop him; (2) his arrest was based solely on an improperly conducted Alco–Sensor breath test; and, (3) an arrest must proceed an Alco–Sensor test because N.D.C.C. §§ 39–20–01 and 39–20–14 conflict.

Woytassek's first contention is that Deputy Nitschke did not have any grounds upon which to make a valid investigative stop. He disputes that he drove erratically and contends that even if he did weave within his own lane, Deputy Nitschke was still not justified in stopping him. We disagree.

An officer must have an articulable and reasonable suspicion that a motorist is violating the law in order to make an investigative stop. *Bryl v. Backes*, 477 N.W.2d 809 (N.D.1991). We use an objective standard to determine the validity of the stop, considering inferences and deductions that an investigating officer would make that may elude lay persons. *State v. Hornaday*, 477 N.W.2d 245 (N.D.1991).

At the hearing on the pretrial motions, Deputy Nitschke testified he pulled Woytassek's vehicle over because he suspected the driver was impaired. This suspicion, according to the deputy, arose after he observed Woytassek's vehicle swerve in its own lane, cross the center line once, and nearly strike a curb. These circumstances provide a sufficient basis to create a reasonable and articulable suspicion that Woy-

tassek was violating the law. We have found sufficient justification for investigative stops in situations that correspond to the present case. *See e.g., State v. Dorendorf,* 359 N.W.2d 115 (N.D.1984) [smooth continuous weaving within a lane of traffic]; *State v. VandeHoven,* 388 N.W.2d 857 (N.D.1986) [sharp veering and crossing the center line]. Therefore, we conclude the trial court did not err in denying Woytassek's motions to dismiss and suppress based upon the investigative stop.

Next, Woytassek contends his arrest was not in accordance with the law because Deputy Nitschke obtained probable cause solely through an Alco–Sensor screening test that did not comply with the requirements of N.D.C.C. § 39–20–14. He argues there was no probable cause to support his arrest absent the improperly administered Alco–Sensor test. Therefore, the trial court should have granted the motions to suppress the breath test and to dismiss for lack of probable cause.

N.D.C.C. § 39–20–14 provides in relevant part:

> Any person who operates a motor vehicle upon the public highways of this state is deemed to have given consent to submit to an on-site screening test or tests of the person's breath for the purpose of estimating the alcohol content of the person's blood upon the request of a law enforcement officer who has reason to believe that the person committed a moving traffic violation or was involved in a traffic accident as a driver, and in conjunction with the violation or the accident the officer has, through the officer's observations, formulated an opinion that the person's body contains alcohol.

■ The purpose of an on-site chemical screening test, such as the Alco–Sensor test, is to insure that sufficient probable cause exists to warrant an arrest. *State v. Pitman,* 427 N.W.2d 337 (N.D.1988); *State v. Schimmel,* 409 N.W.2d 335 (N.D.1987). In determining whether or not there is probable cause to make an arrest, an officer need not possess knowledge of facts sufficient to establish guilt. *State v. Goeman,* 431 N.W.2d 290 (N.D.1988). Proba-

ble cause exists when the facts and circumstances within a police officer's knowledge and of which he had trustworthy information are sufficient to cause a person of reasonable caution to believe that an offense has been or is being committed. *State v. Prigge,* 437 N.W.2d 520 (N.D. 1989).

■ In this case, Woytassek argues the Alco–Sensor test was improper because Deputy Nitschke did not have reason to believe Woytassek committed a traffic violation nor had he formed an opinion that Woytassek's body contained alcohol prior to the administration of the test as the statute requires. We disagree.

Deputy Nitschke testified he believed Woytassek may have been impaired after he observed Woytassek's erratic driving. This suspicion was strengthened by the odor of alcohol on Woytassek's breath, his red glassy eyes, and his difficulty with the field sobriety tests. We conclude that these circumstances, erratic driving combined with the indicia of intoxication, gave Deputy Nitschke reason to believe Woytassek was driving while under the influence of liquor or drugs. Since Deputy Nitschke formed this opinion prior to administering the Alco–Sensor test, he complied with N.D.C.C. § 39–20–14. As a result, probable cause for the arrest was properly obtained.

■ Woytassek's final argument is that there is a conflict between N.D.C.C. §§ 39–20–14 and 39–20–01 which requires us to rule an Alco–Sensor test under § 39–20–14 must be preceded by an arrest. Woytassek contends that since an Alco–Sensor test under § 39–20–14 is a chemical test of the breath used to estimate blood-alcohol content, it should be subject to the restrictions of N.D.C.C. § 39–20–01.

N.D.C.C. § 39–20–01 provides in relevant part:

> Any person who operates a motor vehicle on a highway or on public or private areas to which the public has a right of access for vehicular use in this state is deemed to have given consent, and shall consent, subject to the provisions of this

chapter, to a chemical test, or tests, of the blood, breath, saliva, or urine for the purpose of determining the alcoholic, other drug, or combination thereof, content of the blood.... The test or tests must be administered at the direction of a law enforcement officer only after placing the person, except persons mentioned in section 39–20–03, under arrest and informing that person that the person is or will be charged with the offense of driving or being in actual physical control of a vehicle upon the public highway while under the influence of intoxicating liquor, drugs, or a combination thereof.

Statutes relating to the same subject matter should be construed together so as to harmonize them if possible. *Newland v. Job Service North Dakota*, 460 N.W.2d 118, 121 (N.D.1990); *see Dickinson Pub. Sch. Dist. No. 1 v. Scott*, 252 N.W.2d 216, 219 (N.D.1977). If two or more statutes relating to the same subject matter conflict, we attempt to give meaningful effect to each without rendering one or the other useless. *Hospital Services, Inc. v. Brackey*, 283 N.W.2d 174, 177 (N.D.1979). "In construing a statute, we cannot assume the legislature intended a useless act." *Miles Homes v. City of Westhope*, 458 N.W.2d 321, 324 (N.D.1990); citing *State v. Odegaard*, 165 N.W.2d 677, 681 (N.D.1969); *see also* N.D.C.C. § 31–11–05(23).

In this case, we fail to see any conflict between the statutes. Section 39–20–01, N.D.C.C., provides for a chemical test of a person's blood, breath, urine or saliva in order to determine a person's blood-alcohol content. The results of a test under § 39–20–01 may be used as evidence that a person drove while under the influence or with a blood-alcohol content of .10% or greater.

In contrast, N.D.C.C. § 39–20–14, provides for on-site screening tests of a person's breath for the purpose of estimating the alcohol content of the person's blood. The test may be used only to aid law enforcement officers in determining whether or not a further test under § 39–20–01 should be given and to ensure that there is sufficient probable cause for arrest. *State v. Schimmel*, 409 N.W.2d 335 (N.D.1988).

Given the test's purpose, to require that an arrest precede an on-site screening test would render the statute meaningless. We will not construe the statute in such a manner. We conclude there is no conflict between sections 39–20–01 and 39–20–14, N.D.C.C., that requires an arrest to precede an on-site screening test and that the trial court did not err in denying Woytassek's motions to suppress and dismiss.

The judgment of the trial court is affirmed.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ.