William James MORAN, Appellee,

v.

**NORTH DAKOTA DEPARTMENT OF TRANSPORTATION, Appellant.**

Civil No. 950270.

Supreme Court of North Dakota.

Feb. 13, 1996.

Monte L. Rogneby, Assistant Attorney General, Attorney General's Office, Bismarck, for appellant.

Steven Balaban of Dickson Law Office, Bismarck, for appellee.

LEVINE, Justice.

The North Dakota Department of Transportation (Department) appeals from a district court judgment reversing the Department's decision to suspend William James Moran's driving privileges. We reverse the district court judgment and reinstate the Department's decision.

Morton County Deputy Sheriff Tad Pritchett was on patrol south of Mandan when he encountered Moran. Pritchett explained he decided to follow Moran's vehicle when it was slow in dimming its headlights as it approached a vehicle in front of Pritchett's. Pritchett observed Moran's vehicle make "jerking and weaving" movements within its lane of travel and cross over the center line four times in two miles.

After using his red lights to stop Moran's vehicle, Pritchett asked for Moran's driver's license. He noticed that Moran had "a moderate odor of alcoholic beverage on his breath." He asked Moran to the patrol car for sobriety tests.

Pritchett conducted a horizontal gaze nystagmus (HGN) test on Moran. He "observed a lack of smooth pursuit and an onset of nystagmus prior to 45 degrees and also distinct nystagmus at maximum deviation in both eyes." He also observed that Moran's eyes were "red and bloodshot." Pritchett then asked Moran to do the "ABC" and "count backwards" tests. Pritchett did not ask Moran to do the "walk-and-turn" or "one-leg stand" tests because Moran said he had a bad ankle. After the sobriety tests were completed, Pritchett placed Moran under arrest for driving a motor vehicle while under the influence of alcohol.

Moran took an Intoxilyzer test, which showed a blood alcohol concentration of .16 percent. Moran was notified that his driving privileges would be suspended and he requested a hearing.

During the hearing, Moran objected to admission of testimony about the HGN, ABC and backwards counting tests. The hearing officer sustained objections to the admission of the ABC and counting tests, but allowed the HGN testimony into evidence. On March 15, 1995, the hearing officer issued a decision suspending Moran's driving privileges for 365 days. Moran appealed to district court.

In his findings of fact, the hearing officer noted that "Mr. Moran failed the ABC test and failed the horizontal gaze nystagmus test." The district court concluded that the hearing officer improperly admitted and relied upon the HGN evidence because "there was absolutely no foundation testified to." The district court also concluded that the hearing officer should not have relied on the ABC test because he did not admit the test into evidence. The district court reversed the hearing officer's decision, finding "insufficient evidence of probable cause to make the arrest." The Department appealed.

The Department argues that, even if the results of all the sobriety tests are excluded, the evidence in the record shows that Deputy Pritchett had probable cause to arrest Moran.[1]

■ When a party appeals an agency decision to district court and then to this court, "we review the decision of the agency and look to the record compiled before the agency." *Dittus v. North Dakota Dept. of Transp.*, 502 N.W.2d 100, 103 (N.D.1993). Because the Administrative Agencies Practice Act, chapter 28–32, NDCC, governs our review of an administrative agency decision, we will affirm the decision: (1) if a preponderance of the evidence supports the findings of fact; (2) if the findings of fact sustain the conclusions of law; (3) if the conclusions of law support the decision; and (4) if the decision follows the law. *Samdahl v. N.D. Dept. of Transp., Director*, 518 N.W.2d 714 (N.D. 1994).

■ In the agency decision here, the hearing officer made findings of fact that Pritchett "observed a vehicle with jerking and weaving movements and saw it cross over the center line four times in a distance of about two miles. He stopped the vehicle, and the driver was Mr. Moran, who had the odor of alcohol and red bloodshot eyes." When deciding whether a preponderance of the evidence supports the agency's findings, we ask only whether a reasoning mind could reasonably determine that the weight of the evidence supports the findings. *Throlson v. Backes*, 466 N.W.2d 124 (N.D.1991). A reasoning mind could reasonably determine that the weight of the evidence supports the findings here because uncontroverted evidence in the record backs them. Therefore, we conclude that a preponderance of the evidence supports the hearing officer's findings.

■ The dispositive issue on appeal, however, is whether the agency's findings of fact support the conclusion that Pritchett had probable cause to arrest Moran. The hearing officer made a conclusion of law that "[a]rticulable and reasonable grounds existed to stop Mr. Moran and to believe he had been driving in violation of North Dakota Century Code section 39–08–01," which prohibits driving under the influence.[2] The hearing officer concluded "reasonable grounds" existed to stop Moran and to arrest him. "Reasonable grounds" is equivalent to probable cause. *See State v. Beaton*, 516 N.W.2d 645 (N.D.1994) [treating "reasonable grounds" and "probable cause" as synonymous]; *see also Williams v. Spilovoy*, 536 N.W.2d 383 (N.D.1995) [indicating that "reasonable grounds" is synonymous with "probable cause" in construing a disorderly conduct statute].

■ The existence of probable cause to arrest is a question of law. *See Mayo v. Moore*, 527 N.W.2d 257 (N.D.1995); *City of Langdon v. Delvo*, 390 N.W.2d 51 (N.D.1986). Questions of law of fully reviewable on appeal. *State v. Zimmerman*, 529 N.W.2d 171 (N.D.1995). Therefore, we do not defer to the hearing officer's conclusions of law on this issue. We will defer to the hearing officer's findings of fact, however, because we have found them to be supported by a preponderance of the evidence. *See Salter v. North Dakota Dept. of Transp.*, 505 N.W.2d 111 (N.D.1993).

---

1. The Department also argues, in a perfunctory fashion, that the results of all the sobriety tests should have been admitted. We need not consider whether the Department has sufficiently briefed this issue because of our disposition of the probable cause issue.

2. The hearing officer also concluded, on the other issues within the scope of his review, that: "[Moran] was arrested. He was properly tested, and the test results showed an alcohol concentration of at least 0.10 percent by weight."

 Probable cause to arrest is different from reasonable suspicion to stop. An officer has "reasonable suspicion" to stop a motor vehicle if the officer can point to "some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity." *Salter,* 505 N.W.2d at 114. Probable cause to arrest, however, requires more: it exists when "the facts and circumstances within a police officer's knowledge and of which he had reasonable trustworthy information are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed." *State v. Prigge,* 437 N.W.2d 520, 521 (N.D. 1989). When determining whether probable cause exists to arrest, however, the officer need not possess knowledge or facts sufficient to establish guilt. *State v. Woytassek,* 491 N.W.2d 709 (N.D.1992).

 In order to arrest a driver for driving under the influence, the law enforcement officer first must observe some signs of impairment, physical or mental. *See State v. Salhus,* 220 N.W.2d 852 (N.D.1974). Further, the law enforcement officer must have reason to believe the driver's impairment is caused by alcohol. *See id.; see also Keane v. Com'r of Public Safety,* 360 N.W.2d 357 (Minn.Ct.App.1984). Both elements—impairment and indication of alcohol consumption—are necessary to establish probable cause to arrest for driving under the influence.

The hearing officer found that Moran crossed over the center line four times within three miles before the stop. This is a traffic violation. *See* NDCC § 39–10–08. The frequency of the veering may also be characterized as erratic driving. A traffic violation and erratic driving are relevant factors in determining whether probable cause exists to arrest for an alcohol-related traffic offense. *See Mayo,* 527 N.W.2d at 259–60. The hearing officer also found that Moran had red, bloodshot eyes and an odor of alcohol at the time of the stop. These too are factors that can show the existence of probable cause to arrest for an alcohol-related traffic offense. *See* id.; *see also Beaton,* 516 N.W.2d at 647; *State v. Hensel,* 417 N.W.2d 849 (N.D.1988). While none of these relevant factors may be sufficient individually for probable cause, their cumulative effect is sufficient. *See O'Neill v. Com'r of Public Safety,* 361 N.W.2d 471 (Minn.Ct.App.1985); *Schlemme v. Com'r of Public Safety,* 363 N.W.2d 781 (Minn.Ct.App.1985); *State v. Roggenkamp,* 224 Neb. 914, 402 N.W.2d 682 (1987); *State v. Babbitt,* 188 Wis.2d 349, 525 N.W.2d 102 (App.1994).

A preponderance of the evidence supports the hearing officer's findings of fact. The hearing officer's conclusions of law are supported by the findings of fact. Therefore, because Pritchett had probable cause to arrest Moran, we affirm the hearing officer's decision.

The district court judgment is reversed and the agency decision is reinstated.

VANDE WALLE, C.J., and NEUMANN and SANDSTROM, JJ., and RALPH J. ERICKSTAD, Surrogate Judge.

RALPH J. ERICKSTAD, Surrogate Judge, sitting in place of MESCHKE, J., disqualified.